## Chroust v. Chroust.

HICKS, J., March 5, 1928.—This is a libel in divorce on the ground of desertion. The cause of divorce in the libel is stated as follows: "That on the 30th day of November, 1925, said respondent wilfully and maliciously deserted and abandoned libellant and never since lived or cohabited with her or his wife." A rule was issued upon the application of the libellant, praying for permission to amend the libel so as to read: "That on the 30th day of November, 1925, said respondent wilfully and maliciously deserted and abandoned

libellant without reasonable or just cause, and has never since lived or cohabited with me as his wife." No answer having been filed to the rule, it was made absolute and the amendment allowed, but no amended libel was ever filed.

The master who heard the witnesses has found from the evidence that the fact of desertion for the statutory period has been established, and, therefore, recommended that a decree should be entered. An examination of the evidence satisfies the court that a desertion which would justify the entry of a decree has been established, but the libel does not allege desertion, either substantially or actually, in the language of the Act of March 13, 1815, 6 Sm. Laws, 286.

The jurisdiction which is given to Courts of Common Pleas in divorce cases where the ground is desertion is conferred by the Act of March 13, 1815, 1 Purd. 1230, pl. 1, which states the ground as "wilful and malicious desertion and absence from the habitation of the other without reasonable cause for and during the term and space of two years;" and the Act of April 26, 1850, 1 Purd. 1234, pl. 5, which gives jurisdiction "for the cause of wilful and malicious and continued desertion by either of the parties from the habitation of the other without reasonable cause," etc.

The court has no jurisdiction to grant a divorce for desertion unless the desertion has been "wilful, malicious and continued . . . by either of the parties from the habitation of the other without reasonable cause." And such desertion must be persisted in "for or during the term and space of two years." The libel before us, assuming it to have been amended as allowed by the rule granted for that purpose, does not allege the "wilful and malicious desertion and absence from the habitation." The words "and has never since lived or cohabited with me as his wife," set forth in the libel, are not the equivalent of "absence from the habitation." The libel must set forth the sufficient cause for divorce. Omission to aver "absence from the habitation" is fatal, although it is shown by the proof: Stewart v. Stewart, 34 Pa. C. C. Reps. 543; Hetrick v. Hetrick, 23 Dist. R. 430; Mills v. Mills, 42 Pa. C. C. Reps. 257; Eberle v. Eberle, 13 Schuyl. Legal Rec. 161. The libel, in stating the cause for divorce, should conform to the statutory language in stating the ground for divorce: Hain v. Hain, 16 Schuyl. Legal Rec. 5; Jonas v. Jonas, 69 Pitts. L. J. 220.

No cause of action having been set out in the libel, the decree must be refused, unless the libellant may be permitted to amend her libel by setting out in proper form a cause for divorce. The amendment, if allowed, would be substantial and not merely formal in its character. In Maynard v. Maynard, 18 Dist. R. 410, it was said that the amendment of a libel which originally did not set forth a cause of action was in effect a new libel.

This proceeding has been entirely ex parte, has so proceeded that testimony has been taken, and it, together with the recommendations of the master, having been filed, it is too late now to permit an amendment of the libel in a substantial matter: Weiss v. Weiss, 16 Schuyl. Legal Rec. 162; Pierie v. Pierie, 7 Phila. 405. We are, therefore, of the opinion that the libel must be dismissed and that we cannot allow it to be amended.

The libel in divorce is dismissed, at the cost of the libellant, without prejudice to proceedings de novo.

And now, Feb. 20, 1928, an exception is allowed libellant and bill is sealed.

From M. M. Burke, Shenandoah, Pa.